IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ART ASK AGENCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-cv-2482 |
| | ) | |
| STORE SHOPPING, et al., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER

  For the reasons set forth in the Statement below, defendant Store Shopping's (defendant no. 248) motion to dismiss the complaint for failure to state a claim [87] is denied.

### STATEMENT

  In its motion to dismiss, defendant Store Shopping seeks dismissal of the complaint, which asserts a copyright infringement claim against it, on two grounds. Neither are availing.

  First, it argues that the plaintiff fails to plead a plausible infringement claim because it has not properly pleaded access or facts from which access (and therefore copying) can be inferred. As the Seventh Circuit has explained, "Proof of copying is crucial to any claim of copyright infringement because no matter how similar the two works may be (even to the point of identity), if the defendant did not copy the accused work, there is no infringement. However, because direct evidence of copying is rarely available, the plaintiff can rely upon circumstantial evidence to prove this essential element, and the most important component of this sort of circumstantial evidence is proof of access." *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984). Defendant Store Shopping acknowledges that the plaintiff's operative complaint alleges that the "Defendants had access to the [copyrighted] works," but it goes on to cite *Selle* for the proposition that the plaintiff must have provided proof of substantial similarity to establish an inference of access and, from there, an inference of copying. Mot. at 4. Defendant Store Shopping faults the plaintiff for not including an image of the allegedly infringing product that the defendant allegedly sells in the second amended (operative) complaint, thereby failing to plead that the defendant's product was similar to the copyrighted work, which the plaintiff had filed as an exhibit to its second amended complaint, ECF No. 33-1 (U.S. Copyright No. VA 2-328-695).

  But, as the plaintiff points out in its response, ECF No. 94, defendant Store Shopping ignores that the plaintiff included a screenshot of the allegedly infringing product that it alleges the defendant sells as an exhibit to a declaration in support of its motion for TRO, and it was thus part of the docket before summons was even issued to the defendant. See Ex. 2 Part 7 of the Strid Declaration at pp. 170-173, ECF No. 43; see also Amended Schedule A, ECF No. 34 (identifying each defendant, which copyrights each is alleged to have violated, and where on the docket the evidence of the alleged infringements can be found). That is sufficient to put the defendant on

notice of the claims against it, including of the pleaded facts concerning access and substantial similarity of the plaintiff's work and the defendant's alleged product. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). As a comparison of the copyrighted work and allegedly infringing product allegedly sold by the defendant show, there are substantial visual similarities between the copyrighted work and the allegedly infringing product that defendant Store Shopping allegedly sells. Thus, there is a plausible inference that the defendant copied the work available, and the defendant was reasonably on notice of these facts constituting the plaintiff's infringement claim.

      The second basis on which the defendant seeks dismissal of (a portion of) the complaint is that the plaintiff's count II for violation of the Illinois Deceptive Trade Practices Act is preempted by the copyright claim. Thus, the defendant seeks dismissal of count II. But that is not the function that Rule 12(b)(6) serves. Rule 12(b)(6) empowers courts to dismiss claims, not individual legal theories or forms of relief. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief."); *Whitaker v. Milwaukee County, Wisconsin*, 772 F.3d 802 (7th Cir. 2014) ("[I]t is factual allegations, not legal theories, that must be pleaded in a complaint."). Since the Illinois Deceptive Trade Practices Act "count" is a legal theory, and defendant Store Shopping seeks to dismiss it as a preempted legal theory, the motion must be denied as beyond the contours of Rule 12(b)(6).

Dated: March 28, 2024

John J. Tharp, Jr.
United States District Judge